JEAN BAPTISTE JEANNIN *v.* LAURENT MILLAUDON and another.

The vendor may be bound in warranty, at least for the restitution of the price, though there be no stipulation to that effect, unless, being aware of the danger, the vendee purchased at his own risk.  C. C. 2481.

The act of 13th March, 1837, ch. 94, relative to the roads, and levees, in front of the property of non-residents in the parish of Plaquemines, providing a summary mode of disposing of the property of absent proprietors, the proceedings under it should be closely scrutinized.

APPEAL from the District Court of the First District, *Buchanan*, J.

GARLAND, J.  The plaintiff alleges, that he is the owner of several squares of ground in the town of Hancockville, in the parish of Plaquemines, fronting on the Mississippi river, or near thereto, of which the defendants have taken possession, and pretend to be the owners.  They, for answer, deny the title of the plaintiff, and set up one in themselves, which, they aver, was acquired at a sale made by the parish Judge of the Parish of Plaquemines, by virtue of an order of said Judge, on the report of the Syndic of said parish, for repairs and work on the road, and levee, in front of said land.  They allege, that the sale and the proceedings which led to it, were regular and valid, and give a title to them.  They further aver, that said sale was instigated and procured by the public officers of the parish of Plaquemines, and for the benefit of said parish ; that the proceeds of the sale are in the hands of the parish officers, or have been applied to the use of the parish ; and if the plaintiff succeeds in this suit, that the said parish, represented by the police jury, are responsible in warranty, for the amount of the price, to wit $3100, paid by them for said land.  That body was cited, appeared, and excepted, that the defendants have no action of warranty against them, as they had nothing to do with the case, it not being a matter within their control ; that the proceedings which led to the sale of the land, were not within their jurisdiction or superintendence, and that the sale was not made for the benefit of the parish.  They aver that they never warranted the title to said land ; that a warranty was refused, when de-

Jeannin v. Millaudon and another.

manded by the defendants of the Parish Judge, and that they are not in any manner responsible in warranty. The Judge below, on the trial of this exception or answer, decided, that the police jury was not responsible in warranty in the sale by which the defendants pretend to have acquired title ; wherefore he dismissed that body, from which judgment the defendants have appealed.

From this statement of the pleadings, it will be seen there are several issues between the defendants and the party cited in warranty, which it is necessary to investigate, to come to a correct conclusion. The defendants, among other matters, specially allege, that the money they paid for the land, is in the hands of the parish officers, or has been applied to the use and benefit of the parish. The Judge discharged the party called in warranty, without any evidence, other than the deed made by the Parish Judge. Articles 2480, 2481, 2482, of the Civil Code tell us, that parties are sometimes bound in warranty, although there is no stipulation to that effect, at least for the restitution of the price. If the price, as it is alleged, has been applied to the benefit of the parish, it would seem equitable, in case the defendants shall be evicted, that some one should refund the money they have paid, unless it is shown that they purchased at their own peril and risk.

The sale under which the defendants claim, was made by virtue of an act of the Legislature applicable to the parish of Plaquemines alone. Acts of 1837, p. 89. It provides a very summary mode of disposing of the property of persons residing out of the parish, for failing to keep the roads and levees in repair, in front of their land, and the proceedings of the officers acting under it, should be closely scrutinized. The benefits of the law, if any arise from it, accrue to the whole, or a large portion of the parish, and when a contest arises under it, it is safest to have every party, who may be interested, before the court.

We do not intend to be understood as expressing any opinion, as to the rights of any party in the case ; but, as merely declaring that the inferior Judge erred in dismissing the parties cited in warranty, before he tried the case on the merits. We further understand from the pleadings, that the defendants claim of their alleged warrantors the restitution of the price, only in case of eviction,

and of its appearing that the price had enured to the benefit of those the police jury represents. Code of Practice, Art. 385.

The judgment of the District Court is therefore annulled and reversed, and the cause remanded, with directions to the Judge to compel the police jury to answer, and to proceed with the trial according to law, the appellees paying the costs of this appeal.

*Roselius*, for the plaintiff.

*Canon*, for the warrantors.

*Benjamin*, for the appellants.